1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

10

| SIXTO LOYA SALCIDO, | Case No. 1:15-cv-00802 AWI DLB PC |
|---|---|
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| I. VILLA, et al., | |
| Defendants. | |
| _____/ | |

16

**I.      Background**

Plaintiff Sixto Loya Salcido, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 17, 2015, and filed his complaint on May 4, 2015. The case was transferred from the Northern District of California on May 22, 2015.

**II.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to

1   state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

2        A complaint must contain "a short and plain statement of the claim showing that the

3   pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).   Detailed factual allegations are not

4   required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

5   conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937

6   (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and

7   courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572

8   F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).   While factual

9   allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

10       Under section 1983, Plaintiff must demonstrate that each defendant personally participated

11  in the deprivation of his rights.   *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).   This

12  requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*,

13  556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).   Prisoners

14  proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and

15  to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)

16  (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the

17  plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

18  **III.    Discussion**

19           **A.    Summary of Allegations**

20       Plaintiff is currently incarcerated at High Desert State Prison in Susanville, California.   He

21  was housed at Pleasant Valley State Prison when the events giving rise to this action took place.

22  Plaintiff names as Defendants: Correctional Officer I. Villa, Correctional Officer M. Diaz, and

23  Correctional Lieutenant M. Dotson.

24       Plaintiff alleges as follows.   On March 5, 2015, Plaintiff was making signals and voices

25  from scenes from a movie.   Defendant Villa approached Plaintiff and asked him if he was pointing

26  at him and disrespecting him.   Plaintiff stated that it was not about him and that he was copying a

27  scene from an action movie.   Defendant Villa advised him that he would be getting a CDC-115

28  Rules Violation Report, and Plaintiff was in fact charged with threatening a peace officer.

1    Plaintiff appeared before Defendant Dotson at the disciplinary hearing.  Plaintiff explained
2 that he wasn't threatening Defendant Villa, and that he was only reenacting a movie scene.
3 Plaintiff stated it was all a misunderstanding on the part of Defendant Villa.  Plaintiff alleges that
4 Defendant Dotson knew he didn't threaten Defendant Villa, but found him guilty nonetheless.
5 Defendant Diaz, appearing as Plaintiff's investigative employee, did not present Plaintiff's
6 statement and he did not include the videotape from the camera.  Plaintiff also states he advised
7 Defendant Diaz of a potential inmate witness, but Diaz could not locate him.

8    Plaintiff asks that the charges be dismissed and that he be released from Unit Segregation
9 back to the yard.  He further asks to be transferred to federal prison.  Also, he asks that the officers
10 be reprimanded for their actions in his case.

11    **B.    Fourteenth Amendment Due Process Claim**

12    "The Fourteenth Amendment's Due Process Clause protects persons against deprivations
13 of life, liberty, or property; and those who seek to invoke its procedural protection must establish
14 that one of these interests is at stake."  *Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S.Ct. 2384
15 (2005).  Assuming the existence of a protected interest at stake, prisoners are entitled to certain
16 minimal procedural protections in the context of prison disciplinary hearings. *Wolff v. McDonnell*,
17 418 U.S. 539, 563-71 (1974); *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985); *see also Castro*
18 *v. Terhune*, 712 F.3d 1304, 1314 (9th Cir. 2013).

19    The minimum procedural requirements that must be met are:  (1) written notice of the
20 charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of
21 the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders
22 of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner
23 to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to
24 institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner
25 is illiterate or the issues presented are legally complex.  *Wolff*, 418 U.S. at 563-71.  As long as the
26 five minimum Wolff requirements are met, due process has been satisfied.  *Walker v. Sumner*, 14
27 F.3d 1415, 1420 (9th Cir. 1994), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472
28 (1995).

1      In addition, "some evidence" must support the decision of the hearing officer,

2  *Superintendent v. Hill*, 472 U.S. 445, 455, 105 S.Ct. 2768 (1985), and the evidence must have

3  some indicia of reliability, *Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir. 1987).   The "some

4  evidence" standard is not particularly stringent and the relevant inquiry is whether "there is any

5  evidence in the record that could support the conclusion reached. . . ."   *Hill*, 472 U.S. at 455-56

6  (emphasis added).

7      Here, according to the facts as presented, all minimum due process requirements were met.

8  There is no indication that Plaintiff wasn't given advance written warning of the charges or a

9  written statement by the factfinder. Although Plaintiff claims his investigative assistant did not

10 present his statement, Plaintiff states he was able to present his version of the events directly to the

11 hearing officer.  Plaintiff also claims his investigative assistant could not locate an inmate, but the

12 fact that a potential witness could not be located is not a violation of due process.  In addition,

13 Plaintiff concedes he was assigned an investigative employee, Defendant Diaz, to assist him in

14 preparing for the hearing.

15      Regardless of the minimum due process protections discussed above, Plaintiff contends

16 that the evidence was insufficient to support the finding that he threatened a peace officer.  He

17 claims it was purely a misunderstanding and he didn't threaten Defendant Villa; instead, he was

18 copying scenes from an action movie.  Nevertheless, the standard is one of some evidence, and the

19 facts of this case as recited by Plaintiff demonstrate that there was at least some evidence to

20 support the finding.  Plaintiff acknowledges that he made certain motions and noises which

21 Defendant Villa took to be threatening action against him.  Defendant Villa's testimony that he

22 believed Plaintiff's motions were threatening constitutes some evidence in support of the guilty

23 finding.  Plaintiff may not seek to have the Court reexamine the record, reassess the credibility of

24 the witnesses, or reweigh the evidence.   *Hill*, 472 U.S. at 455-56.   Since all due process

25 requirements were met, Plaintiff fails to state a claim for violation of the Due Process Clause of

26 the Fourteenth Amendment.

27      In addition, it is unclear in this case if Plaintiff was deprived of time credits as a result of

28 being found guilty of threatening a peace officer.  "[A] state prisoner's § 1983 action is barred

4

1   (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the

2   target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if

3   success in that action would necessarily demonstrate the invalidity of confinement or its duration."

4   *Wilkinson v. Dotson*, 544 U.S. 74, 81-2, 125 S.Ct. 1242, 1248 (2005).  If in fact Plaintiff lost time

5   credits as a result of the guilty finding, his due process claim would be barred until such time as he

6   invalidates the result of the disciplinary hearing.  *Heck v. Humphrey*, 512 U.S. 477, 489, 114 S.Ct.

7   2364 (1994) (until and unless favorable termination of the conviction or sentence occurs, no cause

8   of action under section 1983 exists).

9   **IV.      Conclusion and Order**

10         Plaintiff's complaint fails to state a claim upon which relief may be granted under section

11   1983.  The Court will provide Plaintiff with an opportunity to file an amended complaint.  *Akhtar*

12   *v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir.

13   2000).

14         Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what

15   Defendant did that led to the deprivation of Plaintiff's federal rights and liability may not be

16   imposed on supervisory personnel under the theory of mere *respondeat superior*, *Iqbal*, 556 U.S.

17   at 676-77; *Starr v. Baca*, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101

18   (2012).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to

19   relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

20         Finally, an amended complaint supersedes the original complaint, *Lacey v. Maricopa*

21   *County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without

22   reference to the prior or superseded pleading," Local Rule 220.

23         Accordingly, it is HEREBY ORDERED that:

24         1.      Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim

25   under section 1983;

26         2.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

27         3.      Within thirty (30) days from the date of service of this order, Plaintiff shall file an

28   amended complaint; and

4.     If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.


IT IS SO ORDERED.

Dated:    **April 19, 2016**                          **/s/ Sandra M. Snyder**
                                                 UNITED STATES MAGISTRATE JUDGE

6