UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIXTO LOYA SALCIDO,<br><br>       Plaintiff,<br><br>   vs.<br><br>I. VILLA, et al.,<br><br>       Defendants. | 1:15-cv-00802-AWI-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED FOR FAILURE TO STATE A CLAIM, WITH PREJUDICE<br>(ECF No. 22.)<br><br>OBJECTIONS, IF ANY, DUE WITHIN 30 DAYS |

**I.    BACKGROUND**

Sixto Loya Salcido ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. On April 17, 2015, Plaintiff submitted a letter to the U.S. District Court for the Northern District of California, and the Clerk opened a new civil action. (ECF No. 1.) On May 4, 2015, Plaintiff filed a Complaint using the court's form. (ECF No. 6.) On May 22, 2015, the case was transferred to the Eastern District of California. (ECF No. 8.)

The court screened the Complaint and issued an order on April 20, 2016, dismissing the Complaint for failure to state a claim, with leave to amend. (ECF No. 16.) On June 24, 2016, Plaintiff filed the First Amended Complaint, which is now before the court for screening. (ECF No. 22.)

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III. PLAINTIFF'S ALLEGATIONS IN THE FIRST AMENDED COMPLAINT

Plaintiff is presently incarcerated at High Desert State Prison in Susanville, California. The events at issue in the First Amended Complaint allegedly occurred at Pleasant Valley State Prison in Coalinga, California, when Plaintiff was incarcerated there in the custody of the California Department of Corrections and Rehabilitation. Plaintiff names one defendant, Correctional Officer (C/O) I. Villa.

///

Plaintiff's allegations follow.  On March 5, 2015, Plaintiff was making signals and voices from scenes from a movie, off to the side of where defendant C/O Villa was standing. Plaintiff was reenacting how he was shot, because inmates in line wanted to know how he got bullet wounds in his neck and metal in his face.  Defendant Villa accused Plaintiff of disrespecting him and Plaintiff was issued a Rules Violation Report (RVR) for threatening a peace officer.  This charge was not true.  Defendant Villa claimed that Plaintiff had said to him, "If you didn't have that uniform on, I would kick your ass." (ECF No. 22 at 8:9-10.)  C/O Villa had no witnesses who heard Plaintiff make that statement.  Plaintiff is a mobility impaired permanent wheelchair user.  There is no way, in Plaintiff's physical position, that Plaintiff could kick anyone's ass.

Plaintiff was given a disciplinary hearing.  It was apparent at the hearing that defendant C/O Villa did not feel threatened by Plaintiff.  C/O Villa was having a bad day and took it out on Plaintiff, causing Plaintiff to be placed in Administrative Segregation, forfeit good time credits, and lose privileges.  Plaintiff did not have any witnesses at the hearing and was told that the investigative officer could not find them.

Plaintiff requests relief as the court sees applicable.

## IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)); "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### A. False RVR Report

Plaintiff alleges that C/O Villa brought false charges against Plaintiff. This allegation, even if true, does not raise a constitutional claim because there is no due process right to be free from false disciplinary charges. The falsification of a disciplinary report does not state a stand alone constitutional claim. Canovas v. California Dept. of Corrections, 2:14-cv-2004 KJN P, 2014 WL 5699750, n.2 (E.D. Cal. Oct. 30, 2014); see e.g., Lee v. Whitten, 2:12-cv-2104 GEB KJN P, 2012 WL 4468420, *4 (E.D. Cal. Sept. 5, 2012). There is no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986)). "Specifically, the fact that a prisoner may have been innocent of disciplinary charges brought against him and incorrectly accused does not raise a due process issue. The Constitution demands due process, not error-free decision-making." Jones v. Woodward, 1:14-cv-2084-SAB (PC), 2015 WL 1014257, *2

(E.D. Cal. Mar. 6, 2015) *(*citing <u>Ricker v. Leapley</u>, 25 F.3d 1406, 1410 (8th Cir. 1994); <u>McCrae v. Hankins</u>, 720 F.2d 863, 868 (5th Cir. 1983)). Therefore, Plaintiff fails to state a claim against defendant C/O Villa for bringing false charges against Plaintiff.

### B. <u>Fourteenth Amendment Due Process Claim</u>

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." <u>Wilkinson v. Austin</u>, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). Assuming the existence of a protected interest at stake, prisoners are entitled to certain minimal procedural protections in the context of prison disciplinary hearings. <u>Wolff v. McDonnell</u>, 418 U.S. 539, 563-71 (1974); <u>Superintendent v. Hill</u>, 472 U.S. 445, 455-56 (1985); <u>see</u> <u>also</u> <u>Castro v. Terhune</u>, 712 F.3d 1304, 1314 (9th Cir. 2013).

The minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. <u>Wolff</u>, 418 U.S. at 563-71. As long as the five minimum Wolff requirements are met, due process has been satisfied. <u>Walker v. Sumner</u>, 14 F.3d 1415, 1420 (9th Cir. 1994), abrogated on other grounds by <u>Sandin v. Connor</u>, 515 U.S. 472 (1995).

In addition, "some evidence" must support the decision of the hearing officer, <u>Hill</u>, 472 U.S. at 455, and the evidence must have some indicia of reliability, <u>Cato v. Rushen</u>, 824 F.2d 703, 705 (9th Cir. 1987). The "some evidence" standard is not particularly stringent and the relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached. . . ." <u>Hill</u>, 472 U.S. at 455-56 (emphasis added).

In the prior screening order issued on April 20, 2016, the court concluded that Plaintiff failed to state a claim in the original Complaint for violation of due process at his disciplinary

hearing.  (ECF No. 16.)  Plaintiff has not added any factual allegations to the First Amended Complaint that assist him in stating a claim.

Here, as in the original Complaint, according to the facts as presented, all minimum due process requirements were met.  There is no indication that Plaintiff was not given advance written warning of the charges or a written statement by the fact finder.  Although Plaintiff claims his investigative assistant could not locate the witness Plaintiff requested, the fact that potential witnesses could not be located is not a violation of due process.  In addition, Plaintiff concedes he was assigned an investigating officer to assist him in preparing for the hearing.

Regardless of the minimum due process protections discussed above, Plaintiff contends that the evidence was insufficient to support the finding that he threatened a peace officer.  He claims it was purely a misunderstanding and he didn't threaten defendant Villa; instead, he was enacting scenes from a movie.  Nevertheless, the standard is one of "some evidence," and the facts of this case as recited by Plaintiff demonstrate that there was at least some evidence to support the finding.  Plaintiff acknowledges that he made certain motions and noises which defendant Villa took to be threatening action against him.  Defendant Villa's testimony that he believed Plaintiff's motions were threatening constitutes some evidence in support of the guilty finding.  Plaintiff may not seek to have the court reexamine the record, reassess the credibility of the witnesses, or reweigh the evidence.  Hill, 472 U.S. at 455-56.  Since all due process requirements were met, Plaintiff fails to state a claim for violation of the Due Process Clause of the Fourteenth Amendment.

V.     **CONCLUSION AND RECOMMENDATIONS**

The court finds that Plaintiff's First Amended Complaint fails to state any cognizable claims upon which relief may be granted under § 1983.  The court previously granted Plaintiff leave to amend the complaint, with ample guidance by the court.  Plaintiff has now filed two complaints without stating any claims upon which relief may be granted under § 1983.  The court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Therefore, **IT IS HEREBY RECOMMENDED** that:

1. Pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action be dismissed with prejudice for failure to state a claim upon which relief may be granted under § 1983;

2. The dismissal be subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Vittorio, 658 F.3d 1090, 1098 (9th Cir. 2011); and

3. The Clerk be directed to close this case

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 15, 2017**                    **/s/ Gary S. Austin**
                                                                 UNITED STATES MAGISTRATE JUDGE